Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO TRIBUNAL GENERAL DE JUSTICIA TRIBUNAL DE PRIMERA INSTANCIA SALA DE MAYAGÜEZ-SUPERIOR LIMITADO EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ROLANDO RUIZ LÓPEZ<br><br>Peticionario | KLCE202401337 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: I1VP202401298<br><br>sobre: A404SC/POSESIÓN SUST CONTRL SIN RECETA |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de diciembre de 2024.

Comparece el señor Rolando Ruiz López, en adelante el peticionario, quien solicita que revoquemos la *Resolución* emitida el 4 de noviembre de 2024 y notificada el día 12 del mismo mes y año, por el Tribunal de Primera Instancia, Sala de Mayagüez, en adelante TPI. Mediante la misma el TPI declaró no ha lugar la solicitud de desestimación presentada por la defensa del peticionario bajo la Regla 64(n)(5) de las de Procedimiento Criminal, 34 LPRA Ap. II.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente

Número Identificador

RES2024 _____

despacho…".[1] En consideración a lo anterior, eximimos a la parte recurrida de presentar su alegato en oposición.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de certiorari y en consecuencia se declara no ha lugar la *Moción en Auxilio de Jurisdicción*.

**-I-**

El **12 de noviembre de 2024** se notificó una *Resolución* mediante la cual el TPI declaró no ha lugar la solicitud de desestimación presentada por la defensa del peticionario bajo la Regla 64(n)(5) de las de Procedimiento Criminal, 34 LPRA Ap. II.

Inconforme, el **11 de diciembre de 2024 a las 3:39 p.m., penúltimo día hábil para presentar el recurso**, el peticionario impugnó la determinación mediante una *Petición de Certiorari* y alegó que el TPI cometió el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN BASADA EN LA VIOLACIÓN AL DERECHO CONSTITUCIONAL DE JUICIO RÁPIDO DEL ACUSADO COMO LA INFRACCCIÓN A LA REGLA 64 N(5) DE LAS PROCEDIMIENTO CRIMINAL A PESAR DE QUE:
>
> 1) QUE HUBO UNA DILACIÓN Y/O DEMORA EN LA CELEBRACIÓN DE LA VISTA PRELIMINAR EN EXCESO DE LOS 30 DÍAS ATRIBUIBLES EXCLUSIVAMENTE AL ESTADO Y/O EL MINISTERIO PÚBLICO.
>
> 2) QUE EL HONORABLE MINISTERIO PÚBLICO NO DEMOSTRÓ JUSTA CAUSA PARA LA DEMORA Y/O DILACIÓN.
>
> 3) QUE EL ACUSADO INVOCÓ OPORTUNAMENTE SU DERECHO A JUICIO RAPIDO.
>
> 4) QUE LA DILACIÓN NO FUE CAUSADA NI CONSENTIDA POR EL ACUSADO.

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

5) QUE NO [*SIC*.] HABIDO DE PARTE DEL ACUSADO UNA RENUNCIA A LOS TÉRMINOS DE JUICIO RÁPIDO.

6) QUE EL DAÑO Y PERJUICIO SUFRIDO POR EL IMPUTADO SUMARIADO ES PRECISAMENTE ESTAR ENCARCELADO EN VIOLACIÓN A SU DERECHO A JUICIO RÁPIDO.

**Ese mismo día, a las 3:39 p.m.** presentó una *Moción en Auxilio de Jurisdicción* en la que solicitó la paralización de los procedimientos hasta que se resuelva la Petición de *Certiorari*, **específicamente de la vista pautada para celebrarse el día siguiente a la presentación del recurso, es decir, para el 12 de diciembre de 2024.**

-II-

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[2] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[3] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[4]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en

---

[2] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[3] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.
[4] *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[5]

Evaluado el escrito del peticionario y los documentos que obran en autos, estamos en posición de resolver.

## -III-

Luego de revisar cuidadosamente el escrito del peticionario y los documentos que los acompañan, consideramos que ni el remedio ni la disposición de la *Resolución* recurrida son contrarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

---

[5] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

Además, no encontramos ninguna situación al amparo de los restantes criterios de la Regla 40 que justifiquen la expedición del auto.

## -IV-

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *certiorari* y en consecuencia se declara no ha lugar la *Moción en Auxilio de Jurisdicción*.

**Notifíquese inmediatamente a las partes y personalmente a la Jueza Geysa D. Villarrubia Rivera.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                                    Lcda. Lilia M. Oquendo Solís
                            Secretaria del Tribunal de Apelaciones